# CIRCUIT COURT OF THE CITY OF NORFOLK

Shawntell Miles

v.

Kenneth Pohl
and Nationwide Ins. Co.

### Case No. (Law) L98-499

Vanessa Story

v.

Kenneth Pohl
and Nationwide Ins. Co.

### Case No. (Law) L98-2587

### June 10, 1999

BY JUDGE MARC JACOBSON

In the instant action the Plaintiffs Shawntell Miles and Vanessa Story, sometimes jointly referred to as "Plaintiffs," seek to recover damages from the Defendants Kenneth Pohl and Nationwide Insurance Co. (Nationwide) based upon a claim for damages or monies allegedly due under or by virtue of Nationwide Insurance Policy No. 5345B973282 as amended or endorsed (policy) (Plaintiffs' Exhibit 1) for property damages to a motor vehicle operated by Miles and involved in an automobile accident on or about September 6, 1997, in the State of North Carolina. The policy is in the name of Story and, Plaintiffs claim, should have included in its coverage the vehicle operated by Miles at the time the accident occurred and the damages were sustained.

Pursuant to Declaration on or about May 22, 1997, (Plaintiffs' Exhibit 2) Miles was added to the policy as an additional insured and an additional premium of $27.40 was paid. In the policy and Declaration there does not appear to be any address or residence referred to other than 6350 Tappahannock Drive, Norfolk, Virginia.

Plaintiffs allege in their Amended Motions for Judgment (now consolidated) breach of insurance contract and negligent insurance coverage advice. In considering the theories or claims alleged by the Plaintiffs, it is necessary to determine if there was or should have been insurance coverage under or by virtue of the policy.

Miles desired to purchase an automobile for her use. Both Plaintiffs went to Checkered Flag, an automobile dealership in Norfolk, Virginia, for this purpose, and Story was advised by the dealership representative(s) that, in order for Miles to purchase an automobile, she would have to have for financial reasons a co-signer, to wit, Story. Story alleges that she thought by being a co-signer that she would thereby be a co-owner of the automobile. The vehicle was purchased and the Simple Interest Motor Vehicle Contract and Security Agreement (Security Agreement) (Plaintiffs' Exhibit 1), the DMV Application for Certificate of Title and Registration (Defendants' Exhibit 1), and the Temporary Certificate and the Registration (Defendants' Exhibit 2) all reflected the owner and purchaser of the vehicle as "Shawntile [sic] Miles." The Mazda American Credit Application Statement (Application Statement) (Plaintiffs' Exhibit 3) reflected Miles as the "Applicant" and Story as "Joint applicant or Other party." The Security Agreement reflects Vanessa Louise Story as a "Co-Buyer." All of the documents referred to in this paragraph reflect the residence of Miles as 6530 Tappahannock Drive, Norfolk, Virginia 23509.

The transaction with Checkered Flag took place on August 16, 1997. On or about August 18, 1997, Story advised Miles to get insurance on the newly purchased vehicle. Story alleges that Elizabeth Ann Briscoe, an agent for Pohl, an independent Nationwide Insurance agent, suggested that the vehicle be placed on Story's policy and that Briscoe was aware that Miles lived in the State of North Carolina. On August 18, 1997, Miles went to the Pohl insurance agency for the purpose of having her vehicle placed on Story's policy. Miles brought with her a check signed by Story but not filled in in any way. (Plaintiffs' Exhibit 6.) The check was not accepted or utilized by Pohl, and the vehicle was never added to, included in, or endorsed on the policy.

It is not disputed that Miles was a resident of and domiciled in North Carolina at the time of the purchase of the vehicle and at all times up to and at the time of the accident for which Plaintiffs seek insurance coverage, and

as a result thereof, damages from Nationwide. The Plaintiffs thought and/or assumed that by virtue of their conversations with Briscoe, there was coverage. Briscoe denies that she ever indicated that there would be coverage of the vehicle on the Story policy or that same was provided or afforded. Briscoe further indicated that the Pohl insurance agency is not licensed to issue insurance policies in North Carolina and, therefore, could not provide insurance coverage for the vehicle as Miles was a resident of North Carolina.

Basically, whether or not there was insurance coverage based on any of the theories advanced by or alleged by Plaintiffs is determined by the facts in the instant action.

The evidence is clear that Miles could not have purchased the vehicle without Story at least being a co-signatory on the loan and without Story lending her financial strength to the loan. It is not clear if Story actually thought she was or would be a co-owner of the vehicle, even according to Story's testimony. The Security Agreement refers to Miles as "Buyer" and to Story as "Co-Buyer." The Application Statement might be construed to refer to both Miles and Story as being the buyers of the vehicle. The DMV Application for Certificate of Title and Registration and the Commonwealth of Virginia Department of Motor Vehicles Temporary Certificate and Registration both refer to Miles as the purchaser and/or owner of the vehicle. All of the documents referred to in this paragraph reflect the residential address of Miles as 6350 Tappahannock Drive, Norfolk, Virginia.

There are reasons for and against one having one's name on the title or registration for a motor vehicle. One might want one's name on the title as a matter of assuring an ownership interest or one might want one's name not being on the title for liability reasons. In any event, Miles was making the payments on the vehicle and apparently continues to do so. Story indicated that she relied on Checkered Flag, the seller of the vehicle, regarding the transaction, and Story indicated that neither Story nor Miles was actually advised by Checkered Flag as to how the vehicle would be titled or whether Story's name would be on the title. The evidence does not reflect that Story actually requested that her name be on the title for the vehicle. Apparently there were no conversations with Pohl after the transaction with Checkered Flag for the purchase of the vehicle was completed.

Plaintiffs' Exhibit 5 is the policy under or by virtue of which Plaintiffs seek to have coverage afforded for the damages sustained to the vehicle while being operated by Miles on or about September 6, 1997. A number of sections in the policy are applicable or subject to consideration in the instant actions. In the policy, the following definitions are set forth:

"Named Insured" means the individual named in the declarations and also includes his spouse, if a *resident of the same household*;

"relative" means a relative of the Named Insured who is a *resident of the same household*;

"owned automobile" means:

(a) a private passenger, farm, or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded. . . .

(c) a private passenger, farm, or utility automobile ownership of which is acquired by the Named Insured during the policy period provided. . . .

(2) the Company insures all private passenger, farm, and utility automobiles owned by the Named Insured on the date of such acquisition and the Named Insured notifies the Company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the Company applicable to such automobile, or

(d) a temporary substitute automobile;

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the Named Insured or any relative, other than a temporary substitute automobile. . . .

(Emphasis supplied.)

Briscoe was an experienced insurance agent holding a property and casualty license to conduct insurance business within the Commonwealth of Virginia. Briscoe did have a telephone conversation with Story (erroneously referred to as Miles on page 6 of Briscoe's deposition) relating to adding the vehicle to the policy although there was some question as to whether the title was to be in the name of Miles or Miles and Story. Briscoe indicated that her understanding was that Miles was living with Story (Dep. p. 7), at the 6350 Tappahannock Avenue, Norfolk, Virginia, residence, and Briscoe did provide a quote for the additional premium for placing the vehicle on the policy. According to Briscoe, Miles did come in to see Briscoe at the Pohl insurance agency on August 18, 1997, shortly after the vehicle was purchased. At that time, Briscoe determined that Miles was living in North Carolina and Briscoe therefore indicated that Miles could not be added to the policy and that Miles would have to contact an agent in North Carolina for insurance coverage. (Dep. pp. 8, 9.) Briscoe indicated that Miles did have a blank check signed by Story when she visited Briscoe but that the check was not accepted "because

I couldn't put the car on the mother's policy." (Dep. p. 10.) The deposition of Briscoe included the following:

Q. And what did you [Briscoe] do with that blank check?

A. Nothing. I handed it back to Shawntell, told her I couldn't accept the money because I couldn't put the car on the mother's policy.

Q. And why was that?

A. I tried to explain to Shawntell that if she was living with her mother and had purchased the car with her mother jointly I could put her on a Virginia policy, but she was a resident of another state. She had to go through that state to get insurance because it was my understanding from Shawntell she was putting North Carolina tags on it and she was a resident of North Carolina.

Q. Did you tell her that the car was covered for any period of time?

A. No, sir, I did not, not Shawntell.

(Dep. p. 10.)

It is not overly clear if Miles' vehicle was at any time even temporarily added to the policy before Briscoe knew that Miles was a resident of North Carolina, but it appears uncontradicted that if Miles' vehicle was added, it was immediately removed at the time Briscoe became aware of the fact that Miles was a resident of North Carolina and not Virginia, which would have been when Miles appeared on August 18, 1997, with the blank check.

No premium was paid by either Story or Miles for the additional coverage for the vehicle on the policy. There is no indication that there was any consideration paid for adding Miles to the policy nor is there any indication or evidence that any endorsement was made to the policy adding Miles to the policy.

Counsel for Miles and Story argues that the fact that Story is not named as an owner of the vehicle was a ministerial error which was not known to Miles and/or Story prior to the accident. There is no evidence that Nationwide and/or Pohl knew that the title to the vehicle was in the name of Miles or in the name of Miles and Story. However, even if the vehicle were titled in the names of both Miles and Story, under the "Named Insured" definition above, Miles would not qualify as an "insured" because she is not the spouse of the

insured (nor was she a resident of the same household) nor would Miles qualify as a "relative" under the "Named Insured" because she is not a resident of the same household. The coverage afforded under the policy for automobiles acquired by the "Named Insured" "within 30 days of the date of acquisition" also would not be applicable for the same reason: Miles is not a spouse of the "Named Insured," Story, nor would Miles qualify as a "relative" of the "Named Insured" because Miles is not a resident of the same household, to wit 6905 Tappahannock Drive, Norfolk, Virginia.

The fact that Miles lived and was domiciled in North Carolina at the time of the purchase of the vehicle and all subsequent times up to the time of the accident for which Plaintiffs seek recovery and damages under the policy would preclude coverage under the policy for Miles.

The burden is on the Plaintiffs to prove their case by a preponderance of the evidence. While Miles and/or Story might possibly have thought they were covered under the policy, Briscoe expressly contradicts their claim that she indicated there was coverage. To the contrary, Briscoe expressly denies that there was coverage and further indicates that she expressly indicated to Miles and/or Story that there was not coverage. In fact, Briscoe clearly testified that she would not have authority to write and/or provide coverage under the policy to Miles because the vehicle was to be garaged in North Carolina and Miles was a resident of North Carolina. There is no evidence or argument made that Briscoe could have added or endorsed Miles to the policy if Miles did not live in Virginia. Briscoe indicated she would have helped Miles in locating an agent in North Carolina to assist Miles in obtaining insurance coverage.

In considering the evidence as a whole, it is clear that Miles was not at the time of the purchase of the vehicle or any time thereafter up to the time of the accident in question, a resident of Virginia; therefore, she would not qualify as an insured under the policy. The Plaintiffs have not sustained their burden of proof by proving by the preponderance of the evidence that either Nationwide or Pohl is liable unto either of the Plaintiffs under the policy or by virtue of alleged oral representations.

Accordingly, the Court finds and rules for the Defendants Nationwide and Pohl in each of the above captioned cases as consolidated.

*Order*

Upon consideration of the evidence, the exhibits filed herein, the arguments of counsel and the applicable law, the Court finds for the Defendants Kenneth Pohl and Nationwide Insurance Co. in each of the above-

628

captioned actions, as consolidated, for the reasons set forth in the letter opinion dated June 10, 1999, and each of the above-captioned actions is dismissed, to which the Plaintiffs Shawntell Miles and Vanessa Story object and except.